1  Edward S. Coleman, Esq., NSB 000601
   C. Andrew Wariner, Esq., NSB 003228
2  COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
   9708 S. Gilespie Street, Suite A-106
3  Las Vegas, NV 89183-7614
   Telephone: (702) 699-9000
4  Facsimile: (702) 699-9006
   E-Mail: mail@coleman4law.com
5  *Attorneys for Debtor, Florelee Monzon*

6

7                          **UNITED STATES BANKRUPTCY COURT**
                                **DISTRICT OF NEVADA**

8
   | In re:                    | Case No. 09-20197-lbr                                    |
9  |                           |                                                          |
   | FLORELEE MONZON,          | Chapter 13                                               |
10 |                           |                                                          |
   |         Debtor.           | Hearing Date: September 10, 2009                         |
11 |                           | Hearing Time: 3:30 p.m.                                  |

12

13         **MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF**
14      **UNSECURED CREDITORS PURSUANT TO 11 U.S.C. § 506 (a) AND §1322**

15         TO:     THE HONORABLE BANKRUPTCY JUDGE LINDA B. RIEGLE:

16          FLORELEE MONZON (hereinafter referred to as "Debtor"), by and through her attorneys

17  COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION, move this Court

18  pursuant to 11 U.S.C. §506(a) AND §1322, and Bankruptcy Rules 3012 and 9014 of the Federal

19  Rules of Bankruptcy Procedure to value collateral securing certain residential loans and re-classify

20  lenders' claims as unsecured and in support of the Motion state:

21                                  **JURISDICTION**

22  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

23  \\\

24  \\\

25                                   Page 1

26

27                  COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
                              9708 South Gilespie Street, Suite A-106
                                       Las Vegas, NV 89183
28                       Telephone (702) 699-9000   Facsimile (702) 699-9006

## STATEMENT OF FACTS

1.      Debtor filed a Voluntary Petition under Chapter 13, Title 11, of the United States Code, Case Number 09-20197-lbr on June 15, 2009.

2.      On the petition date, Debtor owned one (1) residential property listed on Exhibit "A" hereto and known as:

A.)  32 East Serene Avenue, #216, Las Vegas, Nevada 89123.

3.      On the petition date, the estimated value of the property was ONE HUNDRED TWENTY THOUSAND DOLLARS $120,000.00, however, the appraised value is ONE HUNDRED FIFTEEN THOUSAND DOLLARS ( $115,000.00), as set forth on Exhibit "B", attached herein and incorporated for reference.

4.      At the time of filing the petition, the property was subject to the following liens:

A.)  U.S. BANK HOME MORTGAGE, ACCOUNT ENDING IN **9083**, (First Mortgage and/or First Deed of Trust): THREE HUNDRED SEVENTY-TWO THOUSAND, SEVEN HUNDRED THIRTY-EIGHT DOLLARS ($372,738.00).

B.)  WELLS FARGO BANK, N.A., ACCOUNT ENDING IN **6410,** (Second Mortgage and/or Second Deed of Trust): TEN THOUSAND FOUR HUNDRED FOURTEEN DOLLARS AND ZERO CENTS ($10,414.00).

## MEMORANDUM OF POINTS AND AUTHORITIES

5.      Section 506(a)(1) of the Bankruptcy Code provides that a Chapter 13 Debtor may bifurcate a secured lender's claim into an allowed secured claim and an allowed unsecured claim based upon the actual value of the property securing such lender's lien.

Page 2

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506 (a)(1)

6.      The Supreme Court has recognized that Section 506 of the Bankruptcy Code defines the amount of the secured creditor's allowed secured claim and the conditions of his receiving post-petition interest. United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 371 (1988).  In United Sav. Ass'n of Texas, the Supreme Court interpreting Section 506(a) of the Bankruptcy Code found that:

> In subsection (a) of this provision the creditor's "interest in property" obviously interest means his security interest without taking into account of his right to immediate possession of the collateral on default.  If the latter were included, the "value of such creditor's interest" would increase, and the proportions of the claim that are secured and unsecured would alter, as the stay continues since the value of the entitlement to use the collateral from the date of bankruptcy would rise with the passage of time.  No one suggests this was intended. The phrase "value of such creditor's interest" in § 506(a) means "the value of the collateral."

See id. (emphasis added) (quoting H.R. Rep. No. 95-595, pp. 181, 356 (1977)).

7.      The Ninth Circuit agrees with this interpretation of Section 506 of the Bankruptcy Code.  In re Maldonado, 46 B.R. 497, 499 (9th Cir. BAP 1984) (interpreting section 506(a), "a claim is a secured claim to the extent of the value of [the] creditor's interests in the estate's interest in the property. The entire claim is not a secured claim.  The claim is secured only to the extent of the value

Page 3

1    of the secured interest.")

2        8.      In addition, this Bankruptcy Court has found that "an "allowed secured claim" is a

3    determination generally made under 11 U.S.C. § 506." In re BBT, 11 B.R. 224, 229 (Bankr.D. Nev.

4    1981). The Bankruptcy Court further stated that, with respect to a claim secured by a lien on property

5    of the estate, "to the extent that the value of the property is less than the amount of the total allowed

6    claim, **the claim is unsecured."** Id. (emphasis added). Thus, pursuant to the law of this Circuit, the

7    amount of the allowed secured claim cannot exceed the market value of the property and the

8    remainder of the claim must be treated as an allowed unsecured claim for the purposes of the plan.

9        9.      Moreover, the Ninth Circuit Court of Appeals has also found that a wholly unsecured

10   lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to section

11   506 (a) of the Bankruptcy Code. See  In re Zimmer, 313 F.3d 1220 (9th Cir.2002),

12    Specifically, the Court held:

13            Section 506(a) divides creditors' claims into "secured claims"
             and "unsecured claims." Although the conventional
14           interpretation of "secured" might include any claim in which
             the creditor has a security interest in the debtor's property,
15           §506(a) makes clear that the status of a claim depends on the
             valuation of the property:
16
             "An allowed claim of a creditor secured by a lien on property in
17           which the estate has an interest ... is a secured claim to the
             extent of the value of such creditor's interest in the estate's
18           interest in such property ... and is an unsecured claim to the
             extent that the value of such creditor's interest ... is less than the
19           amount of such allowed claim."

20           11 U.S.C. 506(a). To put it more simply, a claim such as a
             mortgage is not a "secured claim" to the extent that it exceeds
21           the value of the property that secures it. Under the Bankruptcy
             Code, "secured claim" is thus a term of art; not every claim that
22           is secured by a lien on a property will be considered a "secured
             claim." Here, it is plain that PSB Lending's claim for the
23           repayment of its loan is an unsecured claim, because its deed of
             trust is junior to the first deed of trust, and the value of the loan
24           secured by the first deed of trust is greater than the value of the
             house.

25                                      Page 4

26

27   COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
     9708 South Gilespie Street, Suite A-106
     Las Vegas, NV 89183
     Telephone (702) 699-9000   Facsimile (702) 699-9006

28

1    In re Zimmer, 313 F.3d at 1222-23.

2    10.    Accordingly, because the second mortgage on the property is wholly unsecured in that

3    there is no equity above the first mortgage, as set forth in Exhibit B, WELLS FARGO BANK N.A.'s

4    unsecured claim (Second Mortgage and/or Second Deed of Trust;  ACCOUNT ENDING IN **6410**)

5    should be reclassified as a general unsecured claim to be treated pro rata with similar unsecured

6    creditors and WELLS FARGO BANK, N.A. should be stripped of its secured rights under 11 U.S.C.

7    506 (a) since no maintainable security interest in the subject Property exists.

8    11.    Moreover, because the first mortgage on the property is under secured, U.S. BANK

9    HOME MORTGAGES' claim (First Mortgage and/or First Deed of Trust; Account No. **xxxxxx9083**)

10   should be bifurcated into secured and unsecured claims based on the market value of the Property as

11   shown in the appraisal as set forth in Exhibit "C".

12   12.    Finally, the filing of a motion rather than an adversary proceeding to achieve the

13   relief requested herein is appropriate in this Court. See In re Bonsignori, Case No. BKS-08-11830-

14   LBR (D. Nev. June 25, 2008) (approving the stripping off of an unsecured lien by motion); See also

15   In re Williams, 166 B.R.615 (Bankr.E.D.Va.1994); In re Fuller, 255 B.R. 300

16   (Bankr.W.D.Mich.2000); In re Hoskins, 262 B.R. 693 (Bankr.E.D.Mich.2001); In re King, 290 B.R.

17   641 (Bankr.C.D.Ill.2003); In re Millspaugh, 302 B.R. 90 (Bankr.D.Idaho 2003); Dickey v. Ben. Fin.

18   (In re Dickey) 293 B.R. 360 (Bankr.M.D.Pa.2003); In re Hill, 304 B.R. 800 (Bankr.S.D. Ohio 2003);

19   In re Sadala 294 B.R. 180 (Bankr.M.D.Fla.2003); In re Fisher, 289 B.R. 544 (Bankr.W.D.N.Y.2003);

20   In re Robert, 313 B.R. 545 (Bankr.N.D.N.Y.2004); In re Fuller, 225 B.R. 300 (Bankr. W.D. Mich.

21   2000); and In re Bennett, 312 B.R. 843 (Bankr.W.D.Ky.2004). Instead, Debtor may bring the instant

22   motion.

23   \\\

24   \\\

25

26   Page 5

27

28

1  <u>CONCLUSION</u>

2          13.      Bankruptcy law is clear; absent sufficient equity in the Properties, the mortgage

3  lenders' claims, which are only partially secured (excluding Debtor's Primary Residence) should be

4  bifurcated into secured and unsecured claims. The second mortgage lenders, who are wholly

5  unsecured, should receive only their pro rata distribution with other general unsecured creditors

6  through the Debtor's Chapter 13 plan.

7          **WHEREFORE**, Debtor prays that this Court:

8          1.      Valuate the Property in accordance with the appraisals attached hereto;

9          2.      Order the monthly Principal and Interest payments due to U.S. BANK HOME

10  MORTGAGE on the reduced value of collateral security in the amount of ONE HUNDRED

11  FIFTEEN THOUSAND DOLLARS ( $115,000.00) as a secured claim, be adjusted and lowered

12  accordingly;

13          3.      Avoid, "strip off", and extinguish WELLS FARGO BANK, N.A. (Second

14  Mortgage and/or Second Deed of Trust; ACCOUNT ENDING IN **6410**) as a wholly unsecured

15  second lien pursuant to section 506(a) of the Bankruptcy Code;

16          4.      Reclassify WELLS FARGO BANK, N.A.'s (Second Mortgage and/or Second Deed

17  of Trust; ACCOUNT ENDING IN **6410**)  claim as a general unsecured claim to be paid pro rata with

18  other general unsecured creditors through the Debtor's Chapter 13 plan; and

19          5.      Such other relief the Court deems just and proper.

20  DATED this 7th  day August, 2009.

21                                              COLEMAN LAW ASSOCIATES, APLC

22

23                                              By:___/s/ C. Andrew Wariner_____
                                                      C. ANDREW WARINER, ESQ.
24                                                    Attorney for Debtor

25                                                     Page 6

26
COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
27                                 9708 South Gilespie Street, Suite A-106
                                       Las Vegas, NV 89183
                       Telephone (702) 699-9000   Facsimile (702) 699-9006
28

1

## LIST OF EXHIBITS

2

3

**EXHIBIT A:**

PROPERTY INFORMATION

4

5

**EXHIBIT B:**

6

**RESIDENTIAL APPRAISAL REPORT**
7
Florelee Monzon
Case Number 09-20197-lbr
8
32 E. Serene Avenue, #216
Las Vegas, NV 89123
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 7

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000  Facsimile (702) 699-9006